# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| KENNETH R. CHATMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV419-242 |
| | ) | |
| WARDEN TAMARSHE SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Kenneth Chatman filed a petition pursuant to 28 U.S.C. § 2254 on September 11, 2019.[1] *See generally* doc. 1. As discussed below, since it appears from the face of his Petition that is untimely, it should be **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Chatman's petition declares, under penalty of perjury that his petition "was placed in the prison mailing system on 09-11-2019." Doc. 1 at 15.

the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .")

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. §2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after

expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at *3; *Nesbitt*, 2014 WL 61236 at *1.

Chatman's conviction was affirmed on appeal on September 28, 2010. *See* doc. 1 at 2; *see also Chatman v. State*, 702 S.E.2d 51 (Ga. Ct. App. 2010). Because Chatman obtained appellate review in the Court of Appeals of Georgia but did not seek further review in the Supreme Court of Georgia, his judgment of conviction became final ten days later. *See, e.g.,* Ga. Sup. Ct. R. 38 (allowing 10 days to file notice of intent to seek review); *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006). Chatman's conviction, therefore, became final on October 8, 2010. He filed his state habeas petition on May 16, 2011, 220 days later. *See* doc. 1 at 3. An Order from the Georgia Supreme Court, attached to Chatman's Petition, states that the habeas court denied his petition on May 19, 2016. *See* doc. 1 at 17. The time for him to seek review of that denial expired on June 20, 2016. *Id.* (citing O.C.G.A. §§ 9-14-52(b), 1-3-1(d)(3)). The Georgia Supreme Court dismissed his application for a certificate of

3

probable cause on July 1, 2019, *id.*, and denied reconsideration on August 5, 2019, *id.* at 18.

Chatman's Petition would be timely if his state habeas proceeding were "pending," for purposes of 28 U.S.C. § 2244(d)(2), until the Georgia Supreme Court's denial of his motion for reconsideration on August 5, 2019.  However, the Supreme Court's dismissal of his application for a certificate of probable cause explained that he failed to timely file his notice of appeal in the superior court.  *See* doc. 1 at 17.  Georgia law requires that an appellant file both a "written application for a certificate of probable cause," and "a notice of appeal with the clerk of the concerned superior court," to effectively appeal a habeas corpus decision.  *See* O.C.G.A. § 9-14-52(b).  Whether his appeal of the habeas court's decision tolled the one-year period, therefore, depends upon whether the failure to timely file both the application for a certificate of probable cause and the notice of appeal rendered that appeal not "properly filed."  *See* 28 U.S.C. § 2244(d)(2).

In *Wade v. Battle*, 379 F.3d 1254 (11th Cir 2004), the Eleventh Circuit discussed "whether AEDPA's statute of limitations was tolled from the filing date of [the petitioner's] CPC [*i.e.* certificate of probable

4

cause] application to the date when the Georgia Supreme Court dismissed the CPC as untimely." *Id.* at 1260 (citing *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003)). *Wade* explained that the Georgia Supreme Court's determination that the application was untimely was entitled to deference and that an application dismissed as untimely "was not 'properly filed' under § 2244(d)(2)." *Id.* at 1262. It concluded that the application "did not toll his AEDPA clock and it began to run again," when "the thirty-day deadline in O.C.G.A. § 9-14-52(b) for filing a CPC application with the Georgia Supreme Court *expired* . . . ." *Id.*

As the Georgia Supreme Court's Order recites, the time for Chatman to properly appeal the disposition of his habeas case expired on June 20, 2016. Doc. 1 at 17. Chatman's clock began to run, therefore, on June 20, 2016. *See* doc. 1 at 17; *see also, e.g., Vaughns v. Berry*, 2021 WL 4811213, at *3 (S.D. Ga. Sept. 22, 2021) ("Because the CPC application was not 'properly filed' pursuant to § 2244(d), it had no tolling effect on the AEDPA statue of limitation[,]" and "[t]hus, the tolling resulting from Petitioner's state habeas proceedings ended on [the expiration of] the thirty-day deadline by which the CPC application was due to the Georgia

5

Supreme Court pursuant to O.C.G.A. § 9-14-52(b)."); *Jackson v. McLaughlin*, 2017 WL 1313789, at *1 (S.D. Ga. Apr. 5, 2017); *Clemens v. Gramiak*, 2015 WL 353457, at *2 (M.D. Ga. Jan. 15, 2015) ("Since Petitioner's application for a certificate of probable cause was dismissed due to the untimely notice of appeal, the time that motion was pending does not toll the limitations period."). Since 220 days had run between the date when Chatman's judgment became final and the date he filed his state habeas petition, he only had 145 days remaining to file his federal habeas petition. The one-year period to seek federal habeas relief, therefore, expired on November 14, 2016.[2] As discussed above, he did not file his federal petition until September 11, 2019; years too late. Accordingly, his Petition is untimely.

Chatman's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an

---

[2] 145 days from June 20, 2016 was Saturday, November 12, 2016. By operation of Rule 6(a)(1)(C), the deadline for Chatman to file was extended until Monday, November 14, 2016.

extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Chatman's Petition does not include any argument or allegation for equitable tolling, *see* doc. 1 at 13-14; presumably because he was operating under the mistaken conclusion that the Supreme Court's August 5, 2019 Order provided the operative date, *id.* at 4. To the extent that Chatman might argue that he is entitled to equitable tolling during the period between the filing of his untimely application for a certificate of probable cause and the Georgia Supreme Court's Order, that argument fails. The Eleventh Circuit has considered, and rejected, the argument that a petitioner is entitled to equitable tolling based on the fact that "he was misled into believing that his [certificate of probable cause] application had been accepted and was under consideration by the Georgia Supreme Court." *Wade*, 379 F.3d at 1265. The Court of Appeals explained that "to permit equitable tolling here while [petitioner's] untimely CPC application was under consideration would eviscerate the 'properly filed' requirement in 28 U.S.C. § 2244(d)(2)." *Id.* at 1266. The period between the untimely filed application for a certificate of probable cause and the

7

Supreme Court's Order dismissing the application does not provide a basis for equitable tolling.

Since Chatman's § 2254 petition was untimely filed, it should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**, this 1st day of June, 2022.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

9